UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DISTRICT OF COLUMBIA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -and- | ) |
| | ) |
| TELMA LAZO, JUAN FRANCISCO LAZO, VICENTE LAZO, CARMEN CARABALI, GUADALUPE VASQUEZ RIVERA, ERMANITA DE LEON REYES, JOSE BONILLA, ERNESTINA GOMEZ, MARIA PONCE, MARIANO PONCE, DINORA MEJIA, and THE EQUAL RIGHTS CENTER, | ) Case No. 1:06-cv-00546-EGS |
| | ) |
| Plaintiff Intervenors, | ) |
| v. | ) |
| | ) |
| STEVEN LONEY and CAROLINE CHARLES, | ) |
| | ) |
| Defendants. | ) |

ANSWER TO COMPLAINT IN INTERVENTION

Defendants Steven Loney and Caroline Charles, by undersigned counsel, answer Plaintiff Intervenors' Complaint in Intervention as follows:

**Introduction**

1. The first sentence of Paragraph 1 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. This sentence also states a conclusion of law to which no responsive pleading is required. To the extent a response may be required, or to the extent this sentence is deemed to contain allegations of fact, the sentence is denied. The second sentence of Paragraph 1

DC1 30163353.3

characterizes allegations in this action and no responsive pleading is required.  This sentence also states a conclusion of law to which no responsive pleading is required.  To the extent a response may be required, or to the extent this sentence is deemed to contain allegations of fact, the sentence is denied.

   2.   The first, second, and third sentences of Paragraph 2 of the Complaint in Intervention characterize allegations in this action and no responsive pleading is required.  To the extent a response may be required, or to the extent this sentence is deemed to contain allegations of fact, the sentence is denied.  The second sentence of Paragraph 2 also refers to documents which require no responsive pleading.  To the extent Plaintiff Intervenors have characterized those documents, such characterizations are denied.

   3.   Paragraph 3 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required.  Paragraph 3 also asserts facts to which Defendants have insufficient knowledge and/or information to admit or deny.  To the extent a response may be required, or to the extent this Paragraph is deemed to contain allegations of fact, the Paragraph is denied.

   4.   Paragraph 4 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required.  Paragraph 4 also states a conclusion of law to which no responsive pleading is required.  To the extent a response may be required, or to the extent this Paragraph 4 is deemed to contain allegations of fact, Paragraph 4 is denied.

   5.   Paragraph 5 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required.  Paragraph 5 also states a conclusion of law to which no responsive pleading is required.  To the extent a response may be

DC1 30163353.3

required, or to the extent Paragraph 5 is deemed to contain allegations of fact, Paragraph 5 is denied.

6. Paragraph 6 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. Paragraph 6 also asserts facts to which Defendants have insufficient knowledge and/or information to admit or deny. To the extent a response may be required, or to the extent Paragraph 6 is deemed to contain allegations of fact, Paragraph 6 is denied.

7. Paragraph 7 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. Paragraph 7 also asserts facts to which Defendants have insufficient knowledge and/or information to admit or deny. To the extent a response may be required, or to the extent Paragraph 7 is deemed to contain allegations of fact, Paragraph 7 is denied.

8. Paragraph 8 of the Complaint in Intervention is admitted.

9. Paragraph 9 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. Paragraph 9 also states a conclusion of law to which no responsive pleading is required. To the extent a response may be required, or to the extent this Paragraph 9 is deemed to contain allegations of fact, Paragraph 9 is denied.

10. Paragraph 10 of the Complaint in Intervention asserts facts to which Defendants have insufficient knowledge and/or information to admit or deny. Paragraph 10 also states a conclusion of law to which no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 10 is deemed to contain allegations of fact, Paragraph 10 is denied.

11. Paragraph 11 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. Paragraph 11 also states a conclusion of law to which no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 11 is deemed to contain allegations of fact, Paragraph 11 is denied.

12. Paragraph 12 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. Paragraph 12 of the Complaint in Intervention also states a conclusion of law to which no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 12 is deemed to contain allegations of fact, Paragraph 12 is denied.

**Parties**

13. Defendants admit that Plaintiff Intervenors Telma Lazo and Juan Francisco Lazo currently reside at 710 Jefferson Street, N.W., Apartment B-2, Washington, D.C. Defendants have insufficient knowledge and/or information to admit or deny the remaining allegations in Paragraph 13 of the Complaint in Intervention. To the extent a response may be required, or to the extent the remaining allegations in Paragraph 13 are deemed to contain allegations of fact, the remaining allegations are denied.

14. Defendants admit that Plaintiff Intervenor Vicente Lazo currently resides at 710 Jefferson Street, N.W., Apartment B-1, Washington, D.C. Defendants have insufficient knowledge and/or information to admit or deny the remaining allegations in Paragraph 14 of the Complaint in Intervention. To the extent a response may be required,

or to the extent the remaining allegations in Paragraph 14 are deemed to contain allegations of fact, the remaining allegations are denied.

15. Defendants admit that Plaintiff Intervenor Carmen Carabali resided at 710 Jefferson Street, N.W., Apartment 10, Washington, D.C. Defendants have insufficient knowledge and/or information to admit or deny the remaining allegations in Paragraph 15 of the Complaint in Intervention. To the extent a response may be required, or to the extent the remaining allegations in Paragraph 15 are deemed to contain allegations of fact, the remaining allegations are denied.

16. Defendants admit that Plaintiff Intervenor Guadalupe Vasquez Rivera currently resides at 710 Jefferson Street, N.W., Apartment 11, Washington, D.C. Defendants have insufficient knowledge and/or information to admit or deny the remaining allegations in Paragraph 16 of the Complaint in Intervention. To the extent a response may be required, or to the extent the remaining allegations in Paragraph 16 are deemed to contain allegations of fact, the remaining allegations are denied.

17. Defendants admit that Plaintiff Intervenor Ermitania de Leon Reyes currently resides at 710 Jefferson Street, N.W., Apartment 12, Washington, D.C. Defendants have insufficient knowledge and/or information to admit or deny the remaining allegations in Paragraph 17 of the Complaint in Intervention. To the extent a response may be required, or to the extent the remaining allegations in Paragraph 17 are deemed to contain allegations of fact, the remaining allegations are denied.

18. Defendants admit that Plaintiff Intervenor Jose Bonilla currently resides at 710 Jefferson Street, N.W., Apartment 13, Washington, D.C. Defendants have insufficient knowledge and/or information to admit or deny the remaining allegations in

Paragraph 18 of the Complaint in Intervention. To the extent a response may be required, or to the extent the remaining allegations in Paragraph 18 are deemed to contain allegations of fact, the remaining allegations are denied.

19. Defendants admit that Plaintiff Intervenor Ernestina Gomez currently resides at 710 Jefferson Street, N.W., Apartment 23, Washington, D.C. Defendants have insufficient knowledge and/or information to admit or deny the remaining allegations in Paragraph 19 of the Complaint in Intervention. To the extent a response may be required, or to the extent the remaining allegations in Paragraph 19 are deemed to contain allegations of fact, the remaining allegations are denied.

20. Defendants admit that Plaintiff Intervenors Maria and Mariano Ponce resided at 710 Jefferson Street, N.W., Apartment 30, Washington, D.C. Defendants have insufficient knowledge and/or information to admit or deny the remaining allegations in Paragraph 20 of the Complaint in Intervention. To the extent a response may be required, or to the extent the remaining allegations in Paragraph 20 are deemed to contain allegations of fact, the remaining allegations are denied.

21. Defendants admit that Plaintiff Intervenor Dinora E. Mejia resided at 710 Jefferson Street, N.W., Apartment 31, Washington, D.C. Defendants have insufficient knowledge and/or information to admit or deny the remaining allegations in Paragraph 21 of the Complaint in Intervention. To the extent a response may be required, or to the extent the remaining allegations in Paragraph 21 are deemed to contain allegations of fact, the remaining allegations are denied.

22. Paragraph 22 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. Paragraph 22 also asserts facts to

which Defendants have insufficient knowledge and/or information to admit or deny. To the extent a response may be required, or to the extent this sentence is deemed to contain allegations of fact, the sentence is denied.

23. Defendants admit the allegation in Paragraph 23 of the Complaint in Intervention that Steven Loney is co-owner and co-manager of the property at 710 Jefferson Street, N.W., Washington D.C. Defendants admit his duties include the day-to-day management of the property. The remaining allegations in Paragraph 23 are denied.

24. Defendants admit the allegation in Paragraph 24 of the Complaint in Intervention that Caroline Charles is co-owner and co-manager of the property at 710 Jefferson Street, N.W., Washington D.C. The remaining allegations in Paragraph 24 are denied.

## Jurisdiction and Venue

25. Paragraph 25 of the Complaint in Intervention states a conclusion of law to which no responsive pleading is required. To the extent a response may be required, or to the extent this sentence is deemed to contain allegations of fact, the sentence is denied.

26. Paragraph 26 of the Complaint in Intervention states a conclusion of law to which no responsive pleading is required. To the extent a response may be required, or to the extent this sentence is deemed to contain allegations of fact, the sentence is denied.

## Factual Allegations

27. Defendants incorporate herein their responses to Paragraphs 1 through 26 of the Complaint in Intervention.

28. The first sentence of Paragraph 28 of the Complaint in Intervention is admitted. The second sentence of Paragraph 28 of the Complaint in Intervention states a

conclusion of law to which no responsive pleading is required. To the extent a response may be required, or to the extent this sentence is deemed to contain allegations of fact, the sentence is denied.

29. Defendants have insufficient knowledge and/or information to admit or deny Paragraph 29 of the Complaint in Intervention. To the extent a response may be required, or to the extent this sentence is deemed to contain allegations of fact, the sentence is denied.

30. Paragraph 30 of the Complaint in Intervention is admitted.

31. Paragraph 31 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent this paragraph is deemed to contain allegations of fact, Paragraph 31 is denied.

32. Paragraph 32 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent this sentence is deemed to contain allegations of fact, the sentence is denied.

33. Paragraph 33 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent this paragraph is deemed to contain allegations of fact, Paragraph 33 is denied.

34. Paragraph 34 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be

required, or to the extent this paragraph is deemed to contain allegations of fact, Paragraph 34 is denied.

35. Paragraph 35 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent this paragraph is deemed to contain allegations of fact, Paragraph 35 is denied.

36. Defendants admit filing a Petition for Substantial Rehabilitation of 710 Jefferson Street with the District of Columbia. The remaining allegations in Paragraph 36 characterize allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent these allegations are deemed to contain allegations of fact, the allegations are denied.

37. Paragraph 37 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent this paragraph is deemed to contain allegations of fact, Paragraph 37 is denied.

38. Paragraph 38 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent this paragraph is deemed to contain allegations of fact, Paragraph 38 is denied.

39. Paragraph 39 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 39 is deemed to contain allegations of fact, Paragraph 39 of the Complaint in Intervention is denied.

DC1 30163353.3

**Involvement of the Equal Rights Center**

40. Defendants have insufficient knowledge and/or information to admit or deny Paragraph 40 of the Complaint in Intervention. Paragraph 40 also characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 40 is deemed to contain allegations of fact, Paragraph 40 is denied.

41. Defendants have insufficient knowledge and/or information to admit or deny Paragraph 41 of the Complaint in Intervention. Paragraph 41 also characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 41 is deemed to contain allegations of fact, Paragraph 41 is denied.

42. Defendants have insufficient knowledge and/or information to admit or deny Paragraph 42 of the Complaint in Intervention. To the extent a response may be required, or to the extent Paragraph 42 of the Complaint in Intervention is deemed to contain allegations of fact, Paragraph 42 of the Complaint in Intervention is denied.

43. Defendants admit that Plaintiff/Intervenors filed complaints at the District of Columbia Office of Human Rights and the U.S. Department of Housing and Urban Development against Defendants. Defendants have insufficient knowledge and/or information to admit or deny the remaining allegations in Paragraph 43 of the Complaint in Intervention. Paragraph 43 characterizes the remaining allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the remaining allegations in Paragraph 43 are deemed to contain allegations of fact, the remaining allegations of Paragraph 43 are denied.

44. Defendants have insufficient knowledge and/or information to admit or deny Paragraph 44 of the Complaint in Intervention. Paragraph 44 also states conclusions of law to which no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 44 of the Complaint in Intervention is deemed to contain allegations of fact, Paragraph 44 is denied.

45. Paragraph 45 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 45 is deemed to contain allegations of fact, Paragraph 45 is denied.

46. Paragraph 46 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 46 is deemed to contain allegations of fact, Paragraph 46 is denied.

47. Paragraph 47 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 47 is deemed to contain allegations of fact, Paragraph 47 is denied.

48. Paragraph 48 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 48 is deemed to contain allegations of fact, Paragraph 48 is denied.

DC1 30163353.3

**Injury to Plaintiffs**

49. Paragraph 49 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 49 is deemed to contain allegations of fact, Paragraph 49 is denied.

50. Paragraph 50 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 50 is deemed to contain allegations of fact, Paragraph 50 is denied.

51. Defendants have insufficient knowledge and/or information to admit or deny the first part of Paragraph 51. Paragraph 51 also characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent this sentence is deemed to contain allegations of fact, the sentence is denied. Defendants deny the second part of Paragraph 51.

52. Defendants have insufficient knowledge and/or information to admit or deny Paragraph 52 of the Complaint in Intervention. Paragraph 52 also characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 52 is deemed to contain allegations of fact, Paragraph 52 is denied.

53. Paragraph 53 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 53 is deemed to contain allegations of fact, Paragraph 53 is denied.

DC1 30163353.3

54. Paragraph 54 of the Complaint in Intervention characterizes allegations in this action and no responsive pleading is required. To the extent a response may be required, or to the extent Paragraph 54 is deemed to contain allegations of fact, Paragraph 54 is denied.

## COUNT I
**(Fair Housing Act, 42 §§ 3604 and 3617)**

55. Defendants incorporate herein their responses to Paragraphs 1 through 54 of the Complaint in Intervention.

56. Paragraph 56 of the Complaint in Intervention is denied.

57. Paragraph 57 of the Complaint in Intervention is denied.

58. Paragraph 58 of the Complaint in Intervention is denied.

## COUNT II
**(D.C. Human Rights Act, D.C. Code §§ 2-1402.21 and 2-1402.61)**

59. Defendants incorporate herein their responses to Paragraphs 1 through 58 of the Complaint in Intervention.

60. Paragraph 60 of the Complaint in Intervention is denied.

61. Paragraph 61 of the Complaint in Intervention is denied.

62. Paragraph 62 of the Complaint in Intervention is denied.

63. PRAYER FOR RELIEF. Defendants deny that Plaintiff Intervenors are entitled to judgment or any relief or damages requested, including the relief and damages requested in the "Prayer For Relief" in Paragraph 63 of the Complaint in Intervention. Defendant denies the allegations of Paragraph 63.

64. DEMAND FOR JURY TRIAL. Defendants admit that Plaintiff Intervenors seek a trial by jury but deny that they are entitled to a jury trial.

65. All allegations contained in the Complaint in Intervention that have not heretofore been admitted, denied or qualified are hereby denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Failure to state a claim upon which relief may be granted.

### Second Affirmative Defense

Defendants at all times material treated the Plaintiff Intervenors in a legitimate, non-discriminatory, non-retaliatory manner and did not engage in any acts of retaliation or discrimination, intentional or otherwise, in violation of the Fair Housing Act or the D.C. Human Rights Act.

### Third Affirmative Defense

Waiver

### Fourth Affirmative Defense

Unclean Hands

### Fifth Affirmative Defense

Estoppel

### Sixth Affirmative Defense

Plaintiff Intervenors may not have standing under the Fair Housing Act or the D.C. Human Rights Act to maintain this lawsuit against these defendants.

### Seventh Affirmative Defense

To the extent Plaintiff Intervenors seek punitive damages, they are barred because the alleged acts or omissions of the Defendants fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to

deny Plaintiff Intervenors their protected rights, and are not so wanton or willful as to support an award of punitive damages.

**Eighth Affirmative Defense**

Plaintiff Intervenors are not entitled to punitive damages because Defendants made good faith efforts to comply with all applicable anti-discrimination and anti-retaliation laws.

**Ninth Affirmative Defense**

Upon information and belief, all or a portion of Plaintiff Intervenors' claims are barred for failure to mitigate damages.

**Tenth Affirmative Defense**

Upon information and belief, Plaintiff Intervenors' own conduct, omissions and/or negligence may bar their recovery.

**Eleventh Affirmative Defense**

Claims in the Complaint in Intervention are barred by the applicable statutes of limitation.

**Twelfth Affirmative Defense**

Claims in the Complaint in Intervention are barred by the election of remedies doctrine.

Defendants reserve the right to amend this Answer by adding additional affirmative defenses or counterclaims as further investigation, discovery and circumstances may warrant.

DC1 30163353.3

WHEREFORE, for all the foregoing reasons, Defendants Steven Loney and Caroline Charles respectfully request that this Honorable Court dismiss the Complaint in Intervention with prejudice and award attorney's fees and costs in this matter.

<div style="margin-left:3em">

Respectfully submitted,

STEVEN LONEY and CAROLINE CHARLES

By: _____/s/_____
   Alan L. Balaran, Esq., Bar No. 438709
   Law Office of Alan Balaran, PLLC
   1717 Pennsylvania Ave., NW
   Thirteenth Floor
   Washington, DC 20006
   Tel:  (202) 466-5010
   Fax: (202) 986-8477

   David M. Burns, Esq., Bar No. 466167
   SEYFARTH SHAW LLP
   815 Connecticut Avenue, N.W., Suite 500
   Washington, DC 20006-4004
   (202) 463-2400
   (202) 828-5393 (fax)

</div>

Dated: March 29, 2006                           Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that true and correct copies of the foregoing Answer were served via first-class mail, postage prepaid this 29th day of March 2006 on:

Robert J. Spagnoletti, Attorney General
David M. Rubinstein, Deputy Attorney General, Public Safety Division
Brenda Walls, Chief, Civil Enforcement Section
Joel D. Armstrong, Assistant Attorney General
Walter Adams, Assistant Attorney General
441 4th Street, NW, Suite 450N
Washington, DC 20001
*Attorneys for Plaintiff District of Columbia*

Craig A. Holman
Cecily E. Baskir
Holland & Knight LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006

Isabelle M. Thabault
Eliza Platts-Mills
Washington Lawyers' Committee for Civil Rights & Urban Affairs
11 Dupont Circle, NW, Suite 400
Washington, DC 20037-1128
*Attorneys for Plaintiff Intervenors*

                                           /s/
                                Alan L. Balaran, Esq., Bar No. 438709
                                Law Office of Alan Balaran, PLLC
                                1717 Pennsylvania Ave., NW
                                Thirteenth Floor
                                Washington, DC 20006
                                Tel: (202) 466-5010
                                Fax: (202) 986-8477
                                Attorney for Defendants