UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE DISTRICT OF COLUMBIA, | ) |
| Plaintiff, | ) |
| and | ) |
| TELMA LAZO, et al., | ) |
| Plaintiff-Intervenors | ) |
| v. | ) Case No. 1:06-cv-00546-EGS |
| STEVEN LONEY and CAROLINE CHARLES, | ) |
| Defendants. | ) |

**JOINT MEET AND CONFER STATEMENT**

Pursuant to Rule 26(f) and Local Rule 16.3, counsel for the Plaintiff-Intervenors and the Defendants met and conferred by telephone on Wednesday, April 26, 2006, to discuss the issues listed in the rule. This report sets forth a brief statement of the case, the statutory bases for all causes of action and defenses, and the parties' positions on the matters enumerated in Local Rule 16.3(c). A Proposed Scheduling Order, agreed to by all parties, follows this Statement.

I.  **Statement of Case & Statutory Bases**

   **Plaintiff-Intervenors state:**

   In Fall 2004, eleven tenants and former tenants of 710 Jefferson Street, N.W, Washington, DC -- representing nine different households -- and the Equal Rights Center (collectively "Plaintiff-Intervenors") filed administrative complaints against landlords

- 1 -

Steven Loney and Caroline Charles (collectively "Defendants"), alleging housing discrimination on the basis of national origin in violation of their fair housing rights under the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*, and the D.C. Human Rights Act, D.C. Code § 2-1401.01 *et seq.*

Upon the D.C. Office of Human Rights' issuance of a finding of probable cause in favor of the Plaintiff-Intervenors, they timely requested that the Office of the Attorney General of the District of Columbia file a civil enforcement action pursuant to the D.C. Human Rights Act, D.C. Code § 2-1403.05. In January 2006, the District of Columbia did so, filing a complaint against Defendants in D.C. Superior Court. Shortly thereafter, Plaintiff-Intervenors filed their own Complaint in Intervention against Defendants and were allowed to intervene in February 2006. The Defendants removed the case to this court on March 22, 2006.

Plaintiff-Intervenors seek declaratory judgment, permanent injunctive relief, and damages for housing discrimination on the basis of national origin under the Fair Housing Act of 1968, as amended, 42 U.S.C. §§ 3604 (a), (b), and (c) and 3617, and the District of Columbia Human Rights Act, D.C. Code §§ 2-1402.21 and 2-1402.61.

**Defendants state:**

Defendants object to, and do not adopt Plaintiff-Intervenors' statement of the case as it includes argument and legal conclusions. Defendants further state: Plaintiff-Intervenors intervened in a suit brought by Plaintiff The District of Columbia; Plaintiff-Intervenors allege that Defendants Loney and Charles, owners of an apartment building located at 710 Jefferson Street, N.W., Washington, D.C., allegedly discriminated against

several of the building tenants on the basis of national origin; that Plaintiff-Intervenors bring claims for violation of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.* and the D.C. Human Rights Act, D.C. Official Code § 2-1402 *et seq.*; that the District of Columbia Office of Human Rights made no probable cause determinations on Plaintiff-Intervenors' claims of disparate treatment and alleged attempts to make housing unavailable; and that the District of Columbia Office of Human Rights made a probable cause determination with respect to the tenant Plaintiff-Intervenors' allegation that Defendant Loney distributed a notice stating that the Immigration and Naturalization Service would be conducting interviews in the building (the purported distribution of such a notice was the suggestion of one of the tenants who is one of the Plaintiff-Intervenors).

**II.     Local Rule 16.3(c) Matters -- Parties' Positions**

1.  Plaintiff-Intervenors do not believe that the issues in this case are likely to be resolved by dispositive motion. Defendants anticipate filing a motion for summary judgment and expect that Plaintiff-Intervenors' claims will be disposed of at that time.

2.  The parties propose that any other parties shall be joined or the pleadings amended by July 14, 2006. In addition, the parties reserve the right to join additional parties or to amend the pleadings in any other respect, as necessary, until July 14, 2006. At this time, the parties are unable to agree upon any of the factual and legal issues in the case.

3.  The parties respectfully request that the case remain with the Court for all purposes.

4. The parties, through different counsel, have engaged in preliminary settlement discussions and have participated in mediation facilitated by both the District of Columbia Superior Court and the District of Columbia Office of Human Rights. At this time, Defendants believe that there is a realistic possibility of settlement, whereas Plaintiff-Intervenors believe that the likelihood of settlement is uncertain.

5. The parties have considered the factors identified in the rule for ADR and have discussed the matter with their clients. Defendants believe the case could benefit from immediate ADR before a Magistrate Judge of this Court. As described above, the parties have already participated in mediation, and they have a follow-up mediation session scheduled for June 1, 2006, to be facilitated by a D.C. Superior Court mediator. In light thereof, the Plaintiff-Intervenors believe that additional ADR would be more fruitful upon the close of discovery and after judicial resolution of any key legal issues and prefer to revisit the question of whether this case would benefit from additional ADR at that time.

6. Plaintiff-Intervenors do not believe that the case can be resolved by motions for summary judgment or motions to dismiss. Defendants believe the case will be resolved by summary judgment. The parties propose that the deadline for filing dispositive motions be November 30, 2006, with oppositions and replies due in accordance with the Court's local rules. The parties defer to the Court on timing for its decisions on any dispositive motions.

7. Defendants stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.C.P. Plaintiff-Intervenors do not so stipulate. The parties seek no changes to the scope or form of the disclosures. The parties propose that, to the extent they are to be made, the disclosures be exchanged on or before May 19, 2006.

8. The parties propose that all discovery should be completed by October 31, 2006, and that the presumptive limits set forth in the Federal Rules of Civil Procedure shall govern interrogatories, requests for document production, requests for admission, and depositions of fact witnesses by the Plaintiff-Intervenors in this case. The parties propose that the limit for depositions of fact witnesses by the Defendants should be increased to 30. The parties do not anticipate the need for a protective order but reserve the right to request one if necessary.

9. At this time, the parties have not determined whether expert testimony will be required in this case. However, the parties propose that, should experts be utilized, the initial exchange of expert witness reports and information pursuant to Federal Rule of Civil Procedure Rule 26(a)(2) shall take place on or before August 15, 2006, and any disclosures related to rebuttal experts under Rule 26(a)(2)(C) shall take place on or before September 22, 2006.

10. This case has not been filed as a class action, and Plaintiff-Intervenors do not anticipate filing a motion for class certification in this case.

11. At this time, the parties do not anticipate that either discovery or trial should be bifurcated or managed in phases, but they reserve the right to make the

      decision whether to seek bifurcation or management of trial at the pretrial conference.

12.   The parties propose holding the pre-trial conference 60 days after the Court's resolution of all dispositive motions.

13.   The parties respectfully request that the Court set a trial date at the pretrial conference.

Respectfully submitted,

\_\_\_\_/s/_____

HOLLAND & KNIGHT LLP
Craig A. Holman (D.C. Bar No. 447852)
Cecily E. Baskir (D.C. Bar No. 485923)
2099 Pennsylvania Ave., N.W., Suite 100
Washington, D.C. 20006
Tel: (202) 955-3000
Fax: (202) 955-5564

\_\_\_\_/s/_____

Isabelle M. Thabault (D.C. Bar No. 318931)
WASHINGTON LAWYERS'
COMMITTEE FOR CIVIL RIGHTS &
URBAN AFFAIRS
Washington, D.C. 20037-1128
11 Dupont Circle, N.W., Suite 400
Tel.: (202) 319-1000
Fax: (202) 319-1010

Attorneys for Plaintiff-Intervenors

- 7 -

/s/
_____

Alan L. Balaran (D.C. Bar No. 438709)
Law Office of Alan Balaran, PLLC
1717 Pennsylvania Ave., NW
Thirteenth Floor
Washington, DC 20006
Tel.: (202) 466-5010
Fax: (202) 986-8477


/s/
_____

David M. Burns (D.C. Bar No. 466167)
SEYFARTH SHAW LLP
815 Connecticut Ave., N.W., Suite 500
Washington, DC 20006-4004
Tel.: (202) 463-2400
Fax: (202) 828-5393

Attorneys for Defendants

# 3755501_v2